**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMILIO ALVAREZ PEREZ,<br><br>Defendant. | ) | CASE NO. 5:25-cr-401<br><br>JUDGE CHARLES E. FLEMING<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is Defendant Emilio Alvarez Perez's motion to dismiss Counts 2, 3, and 4 of the Indictment ("Motion to Dismiss"). (ECF No. 14). The Government filed its response in opposition, (ECF No. 15), and Plaintiff his reply in support, (ECF No. 16). For the following reasons, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

On August 19, 2025, a federal grand jury indicted Defendant on four counts: (i) Illegal Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a) (Count 1); (ii) False Claim to U.S. Citizenship to Engage Unlawfully in Employment, in violation of 18 U.S.C. § 1015(e) (Count 2); (iii) Misuse of Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count 3); and (iv) Aggravated Identify Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 4). (ECF No. 1). In Count 2, the Indictment alleges that:

> On or about June 24, 2013, continuing to on or about August 6, 2025, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant EMILIO ALVAREZ PEREZ, knowingly made a false statement and claim that he was, or at any time had been, a citizen and national of the United States, with the intent to engage unlawfully in employment in the United States, in violation of Title 18, United States Code, Sections 1015(e).

(*Id.* at PageID #1–2). In Count 3, the Indictment alleges that:

> From on or about June 24, 2013, continuing to on or about August 6, 2025, in the Northern District of Ohio, Eastern Division, Defendant EMILIO ALVAREZ PEREZ, for the purpose of gaining employment, knowingly and with the intent to deceive, falsely represented a social security account number with the last four digits "9860" to be the social security account number lawfully assigned to him by the Commissioner of Social Security, when in fact such social security account number had not been assigned to him by the Commissioner of Social Security, in violation of Title 42, United States Code, Section 408(a)(7)(B).

(*Id.* at PageID #2). Count 4 is premised on the allegations set forth in Counts 2 and 3. (*Id.* at PageID #2–3).

On November 4, 2025, Defendant filed the Motion to Dismiss. (ECF No. 14). Defendant argues that Counts 2, 3, and 4 of the Indictment should be dismissed because they are each barred by the applicable five-year statute of limitations. (*Id.* at PageID #49–51). The Government responds that Counts 2, 3, and 4 are not time barred because Counts 2 and 3 qualify as continuing offenses under *Toussie*,[1] Defendant's concealment efforts should otherwise toll the statute of limitations, and Count 4 is a continuing offense since it is premised on predicate offenses that are also continuing offenses (Counts 2 and/or 3). (ECF No. 15, PageID #67–72). Defendant replies that Counts 2 and 3 do not qualify as continuing offenses under the two-part *Toussie* test and there is no factual or legal support for tolling the statute of limitations. (ECF No. 16, PageID #74–78).

## II. MOTION STANDARD

Defendant's motion to dismiss is governed by Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which provides that a criminal defendant may move to dismiss an indictment for the Government's "failure to state an offense." An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar

[1] *Toussie v. United States*, 397 U.S. 112, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970).

of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges).

## II. DISCUSSION

As an initial matter, both parties do not dispute that the applicable statute of limitations for 18 U.S.C. § 1015(e) (Count 2), 42 U.S.C. § 408(a)(7)(B) (Count 3), and 18 U.S.C. § 1028A(a)(1) (Count 4) is five years, as provided by the catchall provision for non-capital federal offenses. *See* 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."); (ECF No. 14, PageID #45; ECF No. 15, PageID #65). The parties also agree that the determination of whether any of the relevant offenses constitute a continuing offense is controlled by the two-part test provided in *Toussie.* (ECF No. 14, PageID #45–46; ECF No. 15, PageID #65–66). The Court will first address Count 3, before turning to Count 2 and then 4.

### A. Count 3: Misuse of Social Security Number – 42 U.S.C. § 408(a)(7)(B)

Defendant argues that Count 3 should be dismissed as time-barred because the five-year statute of limitations began to run on June 24, 2013, the date Defendant allegedly made the false representation about a social security account number not assigned to him; he asserts there is no allegation that he made a false representation within the five years preceding the Indictment. (ECF No. 14, PageID #50). He contends that the alleged violation of § 408(a)(7)(B) is a one-time,

discrete event, and not a continuing offense under the *Toussie* test and in light of the Tenth Circuit's opinion in *United States v. Payne*.[2] (*Id.*).

The Government responds that § 408(a)(7)(B) should be considered a continuing offense because "the conduct charged in Count 3 'endures beyond the initial illegal act' as the Defendant concealed his true identity, fraudulently used the social security number of a U.S. citizen and continued to do so for nearly twelve years"; it asserts Defendant continued to "misuse" the social security number twice a month until he received his last paycheck in August 2025—well within the five-year statute of limitations. (ECF No. 15, PageID #71). The Government also points to other courts having consistently found that violations of other sections of § 408, specifically § 408(a)(4), to be continuing offenses. (*Id.* at PageID #71–72). Defendant replies that the government's argument, which focuses on the benefit obtained rather than the act criminalized in the statute, was explicitly rejected by the Tenth Circuit in *Payne*. (ECF No. 16, PageID #78).

*1. Continuing Offense Standard*

In *Toussie v. United States*, the Supreme Court held that the "purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." 397 U.S. 112, 114, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970). "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Id.* at 114–15. As a result, "criminal limitations statutes are to be liberally interpreted in favor of repose." *Id.* at 115.

[2] 978 F.2d 1177 (10th Cir. 1992).

It is well settled in the Sixth Circuit that "[t]he statute of limitations begins to run when a crime is complete, that is, when each element of the crime charged has occurred." *United States v. Grenier*, 513 F.3d 632, 636 (6th Cir. 2008) (citing *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998)); *see also United States v. Crossley*, 224 F.3d 847, 859 (6th Cir. 2000) (citing *Toussie*, 397 U.S. at 115). The statute of limitations should not be extended "except as otherwise provide by law." *See* 18 U.S.C. § 3282. One such exception is the doctrine of continuing offenses, which "should be applied in only limited circumstances." *Toussie*, 397 U.S. at 115. Under the two-part test set forth in *Toussie*, an offense should not be considered a continuing offense for purposes of tolling the statute of limitations unless: (i) "the explicit language of the substantive criminal statute compels such a conclusion"; or (ii) the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* at 115.

*2. Step One – Explicit Language of the Statute*

The Court finds that the offense in Count 3, a violation of 42 U.S.C. § 408(a)(7)(B), does not qualify as a continuing offense under the first step of the *Toussie* test. 42 U.S.C. § 408(a)(7)(B) provides, in relevant part, that:

> Whoever[, for any purpose,] with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person; . . . shall be guilty of a felony[.]

There is nothing in the explicit, plain language of § 408(a)(7)(B) that compels the conclusion it is a continuing offense. The statute does not use the phrase "continuing offense," nor does it mention the statute of limitations. As a result, the offense in Count 3 does not qualify under the first prong. *See United States v. Del Percio*, 870 F.2d 1090, 1096 (6th Cir. 1989) (concluding that the explicit language of a statute (42 U.S.C.S. § 1383a(a)(3)(A)) did not satisfy the first prong of the *Toussie*

test because it did not use the term continuing offense or mention the statute of limitations and when it began to run).

*3. Step Two – Nature of the Offense Charged*

Under the second step of the *Toussie* test, the Court must consider the nature of the offense and whether Congress must assuredly have intended § 408(a)(7)(B) to be treated as a continuing offense. "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred." *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (quoting *Toussie*, 397 U.S. at 122). Critical to this inquiry is determining "whether Congress intended to punish a particular act or a course of conduct." *United States v. Jones*, 533 F.2d 1387, 1390–92 (6th Cir. 1976) (citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 224, 97 L. Ed. 260, 73 S. Ct. 227 (1952)). The classic examples of a continuing offense include conspiracy, escape, kidnapping, and crimes of possession. *See United States v. Pontz*, 132 F.4th 10, 25 (1st Cir. 2025); *Yashar*, 166 F.3d at 875; *United States v. Banks*, 708 F. Supp. 2d 622, 624 (E.D. Ky. 2010) (citing cases); *United States v. Motz*, 652 F. Supp. 2d 284, 293 (E.D.N.Y. 2009) (same).

The Court finds that 42 U.S.C. § 408(a)(7)(B), does not qualify as a continuing offense under the second step of the *Toussie* test. The Tenth Circuit explicitly addressed whether § 408(a)(7)(B) constitutes a continuing offense and addressed many of the arguments currently raised by the Government. The Tenth Circuit held that § 408(a)(7)(B) was not a continuing offense, providing the following analysis:

> Like the statute at issue in *Toussie*, nothing in the plain language of 408(a)(7)(B) nor the nature of the crime itself supports the government's contention that Congress intended it to be a continuing offense. Section 408(a)(7)(B) prohibits "falsely represent[ing] a social security number." Had Congress intended the crime

> to continue beyond the point that Defendant made the false representations, Congress could easily have prohibited concealing or failing to disclose a true social security number as it did in another subsection. *See* 42 U.S.C. 408(a)(4) (prohibiting "conceal[ing] or fail[ing] to disclose" the occurrence of an event affecting the continued right to payment). *See also United States v. Morrison*, 43 F.R.D. 516, 519 (N.D. Ill. 1967) (failure to notify Social Security Administration of beneficiary's death was a continuing course of conduct under 408(a)(4) until notification of death was provided). However, by only prohibiting a false representation, Congress expressed its intention that the crime is complete at the time of the representation. *See United States v. Joseph*, 765 F. Supp. 326, 330 (E.D. La. 1991) (violation of 408(a)(7)(B) is complete when the false representation is made).
>
> Similarly, we find no merit in the government's contention that Defendant's failure to correct the erroneous social security numbers constituted a reaffirmation of the false representation. After Defendant falsely represented the social security numbers to the payors, he made no further representations of the erroneous social security numbers nor did he file any income tax returns. While the payors relied on Defendant's false representation and conveyed the erroneous social security numbers to the IRS within the limitations period, Defendant is criminally liable only for his own false representations under the plain language of the statute. *Cf. United States v. Davis*, 533 F.2d 921, 928 (5th Cir. 1976) (government agency's reliance, within five years of indictment, on defendant's earlier false representations did not extend statute of limitations for conspiring to violate 18 U.S.C. 1001 by knowingly and willfully making false statements). To accept the government's construction of the statute would require us to read into the statute an affirmative duty by Defendant to correct the erroneous social security numbers on the 1099 forms he received from the payors. Absent some support in the language of the statute for the government's construction, we decline to adopt it.

*United States v. Payne*, 978 F.2d 1177, 1180–81 (10th Cir. 1992).

The Court adopts the above analysis. Congress wrote § 408(a)(7)(B) to bar a single act, a false statement, and could have easily written the statute to include a continuing duty to disclose, like it did in § 408(a)(4), but it chose not to do so. Like the Tenth Circuit, the Court declines to read in such an affirmative duty.[3]

The Government's argument that Count 3 should be considered a continuing offense because Defendant continually received paychecks over the past 13 years also fails. While

[3] The Court notes that, although the Sixth Circuit has not addressed whether § 408(a)(7)(B) is a continuing offense, the Court has found no case where a court has found § 408(a)(7)(B) to be a continuing offense.

Defendant may have continued to receive a benefit from his false statement in the form of continual paychecks, the statute criminalizes the false statement itself and not the reception or enjoyment of any benefit. Moreover, the Fifth Circuit expressly addressed this exact argument in *United States v. Tavarez-Levario*, 788 F.3d 433 (5th Cir. 2015). The Fifth Circuit found the argument flawed and rejected it, stating:

> First, under *Toussie*, the analysis of whether a crime constitutes a continuing offense involves examining the offense itself, not the defendant's particular conduct. *See Toussie*, 397 U.S. at 115. Second, the fact that a particular defendant's conduct provided long-term benefits to that defendant does not mean that his offense is a continuing one. *See Dunne*, 324 F.3d at 1165 (an offense was not a continuing one simple because the defendant "committed a crime which had continuing effects after its completion"); *United States v. Hare*, 618 F.2d 1085, 1086-87 (4th Cir. 1980) (rejecting the argument that improper receipt of anything of value for performance of an official act was a continuing offense where the defendant received a loan that provided benefits over a prolonged period). Instead, the nature of the offense itself must be such that it inherently involves criminal activity of an ongoing or continuous character. *See Toussie*, 397 U.S. at 115, 122. Even a crime that naturally occurs in a single, finite incident can produce prolonged benefits to an offender; this does not mean that the statute of limitations refrains from running until all benefits of the criminal act dissipate. *E.g.*, *Dunne*, 324 F.3d at 1165; *United States v. Payne*, 978 F.2d 1177, 1180–81 (10th Cir. 1992); *Hare*, 618 F.2d at 1086-87.

*Taverez-Levario*, 788 F.3d at 440–41. The Court finds this analysis persuasive and adopts it fully.

Defendant contends that the alleged false statement occurred on June 24, 2013, with the only evidence being a Form I-9, Employment Eligibility Verification, obtained from Defendant's employer AZZ Galvanizing ("Form I-9"). (ECF No. 14, PageID #44; ECF No. 14-1). The Form I-9 was signed by Defendant on June 24, 2013, and consists of Defendant falsely claiming to be a U.S. citizen and using Albert Ramos Moreno's name, personal information, and social security number. (ECF No. 14-1, PageID #53–54). The Government does not dispute Defendant's contention that the false statement at issue occurred on June 24, 2013; nor does it provide any other evidence or argument that Defendant engaged in subsequent submissions of a false statement

related to a false social security number or his citizenship. The Government does not argue that Defendant himself subsequently submitted any form to his employer or the federal government in the intervening years wherein he falsely represented that a social security number was assigned to him. The Government instead relies entirely on its argument that Count 3 is a continuing offense, which the Court has rejected.[4] (*See* ECF No. 15, PageID #71–72). Because the undisputed evidence demonstrates that Defendant's last false representation of a social security number occurred on June 24, 2013, and the Indictment was not returned until August 19, 2025, Count 3 is barred by the five-year statute of limitations. *See Payne*, 978 F.2d at 1180. Count 3 is therefore **DISMISSED WITH PREJUDICE**.

### B. Count 2: Claim to U.S. Citizenship to Engage Unlawfully in Employment – 18 U.S.C. § 1015(e)

Similar to Count 3, Defendant argues that the offense in Count 2 is barred by the statute of limitations because: (i) it is a false statement offense that refers to a one-time, discrete event (making a false statement to obtain employment); (ii) the allegation in Count 2 occurred on June 24, 2013; and (iii) neither the explicit language of the statute nor the nature of the offense suggest it is a continuing offense. (ECF No. 14, PageID #49–50). The Government responds that Count 2 is not time-barred because it is a continuing offense under the second prong of the *Toussie* test and the statute of limitations is tolled by Defendant's concealment. (ECF No. 15, PageID #67–71).

The Court will first address whether Count 2 qualifies as a continuing offense under the *Toussie* test. The Court will then address the Government's argument as to whether the statute of limitations should be tolled based on alleged concealment efforts.

---

[4] Thus, this case is distinguishable from *United States v. Hernandez-Madrid*, 493 F. App'x 822 (8th Cir. 2012). In *Hernandez-Madrid*, the Eighth Circuit distinguished that case from *Payne* and found that the charged offense under § 408(a)(7)(B) was not time-barred because Hernandez-Madrid did more than simply fail to correct or disclose a falsely provided social security number; within the five-year statute of limitations, she initiated new contact with her former employer after quitting her job and presented herself again as the assumed identity with the intent of her employer reinstating her in the payroll system using the falsely provided social security number. *Id.* at 824–25.

*1. Toussie Step One – Explicit Language of the Statute*

The Court finds that the offense in Count 2, a violation of 18 U.S.C. § 1015(e), does not qualify as a continuing offense under the first prong of the *Toussie* test. 18 U.S.C. § 1015(e) provides, in relevant part, that:

> Whoever knowingly makes any false statement or claim that he is, or at any time has been, a citizen or national of the United States, with the intent to obtain on behalf of himself, or any other person, any Federal or State benefit or service, or to engage unlawfully in employment in the United States . . . [s]hall be fined under this title or imprisoned not more than five years, or both.

There is nothing in the explicit, plain language of § 1015(e) that compels the conclusion it is a continuing offense. Similar to § 408(a)(7)B), this statute does not use the phrase "continuing offense," nor does it mention the statute of limitations. Thus, the offense in Count 2 does not qualify as a continuing offense under the first prong. *See Del Percio*, 870 F.2d at 1096.

*2. Toussie Step Two – Nature of the Offense Charged*

Considering the nature of the offense, the Court finds that 18 U.S.C. § 1015(e) does not qualify as a continuing offense under the second prong of the *Toussie* test. Section 1015(e) is a false statement offense. As discussed above, such offenses are generally not considered by courts to be continuing offenses. The Court finds the false statement offense under § 1015(e) to be sufficiently similar to the one found under § 408(a)(7)(B), which the Court has found to not qualify as a continuing offense. The analysis adopted by the Court from the Fifth Circuit in *Tavarez-Levario* also applies to § 1015(e), as the Fifth Circuit found an analogous statute (18 U.S.C. § 1546(a)) to not qualify as a continuing offense. *See Tavarez-Levario*, 788 F.3d at 440–41.

The Court finds the Government's argument about the phrase "to engage unlawfully in employment" in the statute to be unpersuasive. Engaging unlawfully in employment is not an element of an offense under § 1015(e). Instead, it goes to the requisite intent required under the

statute. A person has committed a violation under § 1015(e) as soon as they knowingly make a false statement or claim that they are or have been a United States citizen or national with the *intent* to engage unlawfully in employment in the United States. As soon as they make the false statement, every element of the crime is complete. The person need not attain employment nor remain employed; as long as they made the false statement with the requisite intent, the statute has been satisfied. As noted above, within the Sixth Circuit, "[t]he statute of limitations begins to run when a crime is complete, that is, when each element of the crime charged has occurred." *Grenier*, 513 F.3d at 636.

The Court also finds the Government's argument about continued harm unpersuasive. The statute itself contemplates only a single act (the making of a false statement or claim). While there may be continuing effects from the alleged false statement made on June 24, 2013, that is not sufficient to classify a violation of § 1015(e) as a continuing violation. As discussed above, the *Toussie* test involves examining the offense itself and not a defendant's specific conduct, and any long-term benefits resulting from a defendant's conduct do not necessarily qualify an offense as a continuing one. *See Taverez-Levario*, 788 F.3d at 440–41; *see also United States v. Dunne*, 324 F.3d 1158, 1165 (10th Cir. 2003) ("The government appears to be arguing that Dunne committed a crime which had continuing effects after its completion. Such consequences, however, are not alone sufficient to warrant classifying violations of § 1001 as continuing offenses."). Accordingly, the Court finds that the offense in Count 2, a violation of 18 U.S.C § 1015(e), is not a continuing offense because it fails both prongs of the *Toussie* test.

*3. Tolling the Statute of Limitations – Concealment*

The Government alternatively argues that the statute of limitations should be tolled because Defendant concealed the conduct charged in Count 2. The Court finds this argument unpersuasive

for several reasons. First, the Government has provided no evidence of concealment of the offense. The Government alleges and argues that Defendant actively concealed his identity by claiming to be Albert Ramos Moreno from June 2013 until August 2025. (ECF No. 15, PageID #68–69). But the Government does not cite or provide any evidence with its response. The only evidence on the record is the false statement of citizenship found in the Form I-9 from June 24, 2013—which is the basis of the offense itself. Defendant receiving paychecks for the next twelve years does not provide evidence of active concealment, and there is no evidence that Defendant made any subsequent false statements regarding his citizenship or took efforts to conceal his illegal conduct. The Government also provides no caselaw, and the Court has not found any, where an initial false statement and the subsequent failure to correct the false statement/information (specifically when there is no affirmative duty in the relevant statute) constitutes grounds for tolling of the statute of limitations. Most importantly, the Court does not find it appropriate to toll the statute of limitations in the circumstances presented in this case.

Second, the caselaw cited by the Government in support of tolling is inapposite. The Government cites *Del Percio* for the proposition that concealment crimes might be continuing offenses. (ECF No. 15, PageID #70–71). However, the offense in Count 2 is not a concealment offense, but a false statement offense. *Del Percio* opines that certain "possessory" offenses can be considered continuing offenses based on a defendant's conduct—such as concealing the alleged violations and precluding discovery. 807 F.2d at 1097. Once again, this case involves a false statement/use offense and not a possessory offense. The Government provided no evidence that Defendant concealed the offense or otherwise took affirmative actions to preclude the Government from discovering the offense.

The Government primarily cites *United States v. Lazo-Rodriguez*, 569 F. App'x 103 (3rd Cir. 2014), in support of its tolling argument. That case involved a defendant challenging a district court's denial of a motion to dismiss a charge of unlawful reentry under 8 U.S.C. § 1326, specifically a "found in" violation, as barred by the statute of limitations. *Lazo-Rodriguez*, 569 F. App'x at 104. Notably, the Sixth Circuit and other courts have found that a "found in" violation under § 1326 is a continuing offense. *See United States v. Jimenez*, 605 F.3d 415, 422 (6th Cir. 2010), *abrogated on other grounds by*, *Tapia v. United States*, 546 U.S. 319, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011); *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996). *Lazo-Rodriguez* also involved determining whether the Government had constructive knowledge of the re-entry offense, finding that the defendant's affirmative act of deception upon re-entry did not impute constructive knowledge of the offense to the Government. 569 F. App'x at 105–07. However, constructive knowledge is not at issue here. With no evidence of active concealment, and no caselaw supporting tolling in the circumstances presented in this case, the Court finds that the statute of limitations for Count 2 was not tolled.

In summation, the Court finds that the offense charged in Count 2, a violation of 18 U.S.C. § 1015(e), does not qualify as a continuing offense and the statute of limitations was not tolled. Because the undisputed evidence demonstrates that Defendant's last false representation of citizenship occurred on June 24, 2013, and the Indictment was not returned until August 19, 2025, Count 2 is barred by the five-year statute of limitations. *See Payne*, 978 F.2d at 1180. Count 2 is therefore **DISMISSED WITH PREJUDICE**.

**C. Count 4: Aggravated Identify Theft – 18 U.S.C. § 1028A(a)(1)**

Defendant argues that Count 4, Aggravated Identify Theft, is time-barred because it depends on Counts 2 and 3 as predicate felonies, which themselves are barred by the applicable

statute of limitations. (ECF No. 14, PageID #50–51). The Government concedes that aggravated identity theft under § 1028A(a)(1) requires a predicate offense but argues that Count 4 is not time-barred because Counts 2 and 3 (the predicate offenses) are both continuing offenses. (ECF No. 15, PageID #72). Both sides essentially agree that whether Count 4 is time-barred by the statute of limitations depends on whether Count 2 or Count 3 are both time-barred themselves.

The Sixth Circuit has not addressed whether the timeliness of a charge under § 1028A is determined by looking at the predicate offenses and whether § 1028A offense can be considered a continuing offense if the predicate offenses themselves are continuing offenses.[5] Regardless, the Court need not resolve this matter. 18 U.S.C. § 1028A prohibits certain conduct committed "during and in relation to" specifically enumerated predicate felony offenses. The plain language of the statute indicates that the predicate felony offenses in this case (Counts 2 and 3) are an essential element of the § 1028A offense charged in Count 4. Because the Court has found Counts 2 and 3 are not continuing offenses and they are barred by the applicable statute of limitations, Count 4 no longer is supported by a predicate offense (an essential element) and therefore fails. Furthermore, Count 4 is premised on conduct that the Court has found to have occurred on June 24, 2013. Thus, because the predicate offenses are not continuing offenses, Count 4 would also be barred by the five-year statute of limitations under 18 U.S.C. § 3282.[6] Accordingly, Count 4 is **DISMISSED WITH PREJUDICE**.

---

[5] Several courts have issued opinions indicating that an aggravated identify theft offense qualifies as a continuing offense when a predicate felony is also a continuing offense. *See, e.g.*, *United States v. Treacy*, No. 5:13cr00018, 2014 U.S. Dist. LEXIS 200228, at *22 (W.D. Va. Jan. 28, 2014) ("Because the essential elements of both Section 1028A(a)(1) charges include underlying felonies, and because both of those predicate felonies are continuing offenses, the Section 1028A(a)(1) charges here are themselves properly construed as continuing offenses."); *United States v. Akoto*, 61 F.4th 36, 41 (1st Cir. 2023).

[6] *See United States v. Wilson*, 2011 U.S. Dist. LEXIS 129938, at *6 (S.D.N.Y. July 11, 2011) (finding that § 1028A is governed by the five-year statute of limitations under § 3282(a) because § 1028A's plain language has no provision expressly altering the default rule under § 3282(a) and the law does not expressly provide for an alternate limitations period).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Counts 2, 3, and 4 of the Indictment (ECF No. 14) is hereby **GRANTED.** Counts 2, 3, and 4 of the Indictment are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: December 3, 2025

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**